UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, Jr., CDCR #F-58411,<br><br>                              Plaintiff,<br><br>vs.<br><br>M. GAINS, et al.,<br><br>                              Defendants. | Civil No.   09cv1312 LAB (POR)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [Doc. No. 13]; and**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b) [Doc. No. 14]** |

I.

**PROCEDURAL HISTORY**

On June 8, 2009, Anthony Wayne Johnson, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Salinas Valley State Prison located in Soledad, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. Plaintiff's original Complaint named forty three (43) defendants and attached more than a thousand pages as Exhibits.

1    On August 18, 2009, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Aug. 18, 2009 Order at 8-9. Plaintiff was granted leave to amend but he was also cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 4. Plaintiff was informed that any Defendants not named and claims not re-alleged in the First Amended Complaint would be deemed waived. *Id.* at 9 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Plaintiff filed his First Amended Complaint ("FAC") on September 11, 2009 [Doc. No. 8]. The Court found that Plaintiff failed to heed the Court's warning with respect to Rule 8 as Plaintiff's First Amended Complaint was rambling and contained, once again, over a thousand pages of exhibits. In addition, Plaintiff named thirty nine (39) Defendants and his FAC was more than sixty pages long. Despite the numerous deficiencies, the Court granted Plaintiff leave to file a Second Amended Complaint. On October 28, 2009, Plaintiff filed his Second Amended Complaint ("SAC") [Doc. No. 14], along with a Motion to Appoint Counsel [Doc. No. 13].

## II.

### MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 13]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As the Court stated in its previous Orders, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds that Plaintiff's Second Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.     Equal Protection claims**

Plaintiff alleges that he was discriminated against based on his race in violation of his right to equal protection under the law.  The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes).  In this matter, Plaintiff has sufficiently plead that he is a member of a suspect class but he has failed to plead adequate facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

On December 23, 2007, Plaintiff alleges that he was "released from his assigned prison cell for his morning shower" by Defendant Holmstrom.  (SAC at 17.)  Plaintiff entered the shower.  Plaintiff claims that Defendant Gains, who was standing near the shower, waited for Plaintiff to begin showering then Gains "instructed Holmstrom to turn off the water."  (*Id.*)

Gains told Plaintiff to exit the shower and go to the "A shower" which Plaintiff claims was the least preferred shower by inmates. (*Id.*) Plaintiff alleges that Defendant Gains knew that the "B shower" was the preferred shower and on that day, Plaintiff was one of the last inmates to use the shower. (*Id.*) Plaintiff claims that there was "no reason other than a discriminatory one for plaintiff to have to move" to a different shower. (*Id.* at 18.) When Plaintiff asked Defendant Gains why he had to move to a different shower, Defendant Gains responded "because I said so." (*Id.*) Plaintiff then asked "oh, because I'm black?" to which Plaintiff alleges Defendant Gains responded by saying "you're damn skippy." (*Id.*)

These claims, once again, are insufficient to find that the mere fact Plaintiff was told to switch to a different shower was based in racial discrimination. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Here, the mere fact that the Defendant told Plaintiff he had to use a different shower does not state a "plausible" claim that he was being discriminated against. Moreover, while Plaintiff alleges that the reason he was told to move to a different shower was because of his race, yet he also claims that he was one of the last inmates to use that shower. He does not allege that any of the other inmates were denied use of the shower based on race. Plaintiff must allege facts "susceptible to an inference that 'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting *Barren*, 152 F.3d at 1194)).

Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing to state a claim upon which § 1983 relief can be granted without leave to amend.

**B.     Excessive Force Claims**

Plaintiff claims Defendant Gains ordered him to leave the "B-lower section" shower but Plaintiff refused to do so until Defendant Gains brought a higher ranking officer to the shower to discuss the issue. (*See* SAC at 18.) Defendant Gains refused to do so and instead left Plaintiff locked in the shower. (*Id.*) Defendants Carpio, Smith, Garza, Rascon and Palomera later came and ordered Plaintiff to leave the shower area. (*Id.*) Plaintiff alleged he wanted to explain the situation to Carpio but Carpio told Plaintiff that he would not be showering and to return to his cell. (*Id.* at 19.) Plaintiff refused and asked to speak to a higher ranking officer. (*Id.*)

At that time Plaintiff claims that Defendants Carpio, Smith, Garza, Rascon and Palomera "stepped away from the shower, huddled up and premeditated the murder they were about to attempt." (*Id.*) Plaintiff also alleges that Defendant Carpio told him several times to permit the officers to handcuff Plaintiff and remove him from the shower but he continued to refuse. (*Id.* at 19-20.) After he refused to leave to the shower, Plaintiff alleges that Defendants used pepper spray in an amount that "could have killed Plaintiff." (*Id.* at 20.)

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To determine whether Plaintiff has satisfied the malicious and sadistic standard, the Court examines the following five factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

Here, Plaintiff's facts fail to show that the actions of the Defendants rises to the level of "malicious and sadistic." *Id*. Plaintiff admits that he refused to comply with the orders to leave the shower for several hours. No other force is alleged to be used against Plaintiff other than Plaintiff's allegations that they used pepper spray. The facts, even taken in the light most

favorable to Plaintiff, demonstrate that the pepper spray was used "in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Thus, Plaintiff's Eighth Amendment excessive force claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

### C. Fourteenth Amendment Due Process

Once again, Plaintiff claims that his due process rights were violated when prison officials failed to properly process his administrative grievances. The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

To the extent Plaintiff challenges the procedural adequacy of CDCR inmate grievance procedures, his Second Amended Complaint again fails to state a due process claim. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison

regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff alleges no facts to demonstrate how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed for failing to state a claim upon which § 1983 relief can be granted without leave to amend.

### D. Retaliation Claims

Plaintiff alleges that he was placed in Administrative Segregation "Ad-Seg" from December 23, 2007 to March 2, 2009 following the shower pepper spray incident in retaliation for "invoking his protection Federal Constitutional rights on December 23, 2007." (SAC at 21.) Prison officials may not retaliate against prisoners for filing litigation or administrative grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."*Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)). However, it is far from clear how Plaintiff's refusal to leave the shower on December 23, 2007 could be considered "protected conduct." *Id.* Accordingly, Plaintiff's First Amendment retaliation claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

The Court, therefore, must dismiss Plaintiff's Second Amended Complaint for failing to state a claim upon which relief may be granted.

# III.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Appointment of Counsel [Doc. No. 13] is **DENIED**.

2. Plaintiff's Second Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: November 9, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge