# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, Jr., CDCR #F-58411,<br><br>  Plaintiff,<br>vs.<br><br>M. GAINS, et al.,<br><br>  Defendants. | Civil No.  09cv1312 LAB (POR)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THIRD AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

I.

**PROCEDURAL HISTORY**

On June 8, 2009, Anthony Wayne Johnson, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Salinas Valley State Prison located in Soledad, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. Plaintiff's original Complaint named forty three (43) defendants and attached more than a thousand pages as Exhibits.

On August 18, 2009, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Aug. 18,

2009 Order at 8-9. Plaintiff was granted leave to amend but he was also cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 4. Plaintiff was informed that any Defendants not named and claims not re-alleged in the First Amended Complaint would be deemed waived. *Id*. at 9 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Plaintiff filed his First Amended Complaint ("FAC") on September 11, 2009 [Doc. No. 8]. The Court found that Plaintiff failed to heed the Court's warning with respect to Rule 8 as Plaintiff's First Amended Complaint was rambling and contained, once again, over a thousand pages of exhibits. In addition, Plaintiff named thirty nine (39) Defendants and his FAC was more than sixty pages long. Despite the numerous deficiencies, the Court granted Plaintiff leave to file a Second Amended Complaint. On October 28, 2009, Plaintiff filed his Second Amended Complaint ("SAC") [Doc. No. 14], along with a Motion to Appoint Counsel [Doc. No. 13]. The Court, once again, sua sponte dismissed Plaintiff's SAC and informed him that he had one final opportunity to amend his pleading. *See* Nov. 9, 2009 Order at 9.

Plaintiff was also cautioned that any Defendants not renamed and all claims not re-alleged in the Amended Complaint would be deemed to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). On February 10, 2010, Plaintiff filed his Third Amended Complaint ("TAC"). In this pleading, Plaintiff no longer names as Defendants Wood, Edwards, Perez, Reis, Anderson, Hopper, Devenberg, Magner, Delgada, Felix, Caffarell, Ochoa, Hughes, Smalls, Woodward, Grannis, Rodriquez, Builteman, Madden, Brown, Criman, Janda, Middleton, Price, Ormand, Phillips, Stangle, Fernandez, Webb, and various "Unknown" Defendants. Thus, these Defendants are **DISMISSED** from this action.

II.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As previously discussed in its November 9, 2009 Order, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time he filed this action, the Court must also review his Amended Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and §

1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in

[IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants Wood, Edwards, Perez, Reis, Anderson, Hopper, Devenberg, Magner, Delgada, Felix, Caffarell, Ochoa, Hughes, Smalls, Woodward, Grannis, Rodriquez, Builteman, Madden, Brown, Criman, Janda, Middleton, Price, Ormand, Phillips, Stangle, Fernandez, Webb, and "Unknown" defendants are DISMISSED from this action. *See King*, 814 F.2d at 567.

2. The Clerk shall issue a summons as to Plaintiff's Third Amended Complaint [Doc. No. 23] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's Order granting Plaintiff leave to proceed IFP [Doc. No. 4], and certified copies of his Third Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Third Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3. Defendants are thereafter **ORDERED** to reply to Plaintiff's Third Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted

to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.

Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: March 12, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge