UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, JR.,<br><br>                                    Plaintiff,<br><br>          v.<br><br>M. GAINS *et al.*,<br><br>                                    Defendants. | Civil No.    09cv1312-LAB (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO INTERVENE AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 29.)** |

Plaintiff, currently incarcerated at Salinas Valley State Prison, is proceeding *pro se* and *in forma pauperis* with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983.  On April 19, 2010, Plaintiff filed a "Motion of Intervention and Request for Appointment of Counsel."  [Doc. 29.] Plaintiff argues that the U.S. Treasury Department must intervene in this case, because "due to the large sum of money that he seeks, monitoring of Defendants' finances is necessary so that Defendants will not try to hide their assets."  Id. at 1.  In addition, Plaintiff requests the appointment of counsel.  Id.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion as to both (1) intervention and (2) appointment of counsel.

**I.     INTERVENTION**

Federal Rule of Civil Procedure 24 provides, in relevant part, that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

1    Fed. R. Civ. P. 24(a)(2).  Thus, a motion to intervene must be brought by the party "claim[ing] an

2    interest relating to the property or transaction."  Id.  Accordingly, even if the U.S. Treasury

3    Department has such an interest, the Treasury Department must bring its own motion, and

4    affirmatively claim this interest in the action, in order to intervene as a matter of right.  Id.

5    However, in this case, the Treasury Department does not seek to intervene.  Rather, Plaintiff seeks to

6    compel intervention by filing a motion on behalf of the Treasury Department.  As Rule 24 does not

7    empower a court to compel the intervention of a party who has not requested to intervene in the

8    action, Plaintiff's Motion to Intervene is hereby **DENIED**.

9    **II.     APPOINTMENT OF COUNSEL**

10        Generally, "there is no absolute right to counsel in civil proceedings."  Hedges v. Resolution

11   Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal

12   courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United

13   States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S.

14   Currency, 54 F.3d 564, 569 (9th Cir. 1995).

15        Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"

16   that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  See

17   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823

18   (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the

19   'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

20   light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both

21   must be viewed together before reaching a decision.'"  Id. (quoting Wilborn v. Escalderon, 789 F.2d

22   1328, 1331 (9th Cir. 1986)).

23        Plaintiff requests the appointment of counsel because "he is very likely to succeed on the

24   merits" [Doc. 29 at 1], but fails to demonstrate the requisite exceptional circumstances under Terrell

25   v. Brewer.  935 F.2d at 1017.  Specifically, upon a review of the pleadings, the Court finds that

26   Plaintiff has adequately prosecuted his lawsuit.  The Third Amended Complaint survived the initial

27   screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and Plaintiff served the Complaint

28   on all named Defendants.  Furthermore, Plaintiff filed an Opposition to Defendants' Motion to

1   Dismiss in advance of the deadline, addressing each of Defendants' arguments under clearly

2   delineated headings.  [Doc. 42.]  At present, without further court order, no further briefing is

3   required of Plaintiff.  In light of the foregoing, the Court **DENIES** without prejudice Plaintiff's

4   Motion for Appointment of Counsel.

5          **IT IS SO ORDERED.**

6

7   DATED:  August 25, 2010

8                                                    _____

9                                                    LOUISA S PORTER
                                                     United States Magistrate Judge
10

11

12  cc          The Honorable Larry A. Burns
                All parties
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv1312