UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>M. GAINS *et al.*,<br><br>Defendants. | Civil No. 09cv1312-LAB (POR)<br><br>**REPORT AND RECOMMENDATION ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>**[Doc. 40]** |

## I. INTRODUCTION

On February 10, 2010, Plaintiff Anthony Wayne Johnson, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed a third amended complaint pursuant to 42 U.S.C. § 1983 against ten California Department of Corrections and Rehabilitation officials.[1] (Doc. 23 ("TAC").) On June 3, 2010, Defendants filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 40 ("MTD").) After a thorough review of the parties' papers and all supporting documents, it is hereby RECOMMENDED that Defendants' Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

//

---

[1] On June 8, 2009, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On August 19, 2009, the Honorable Larry A. Burns dismissed Plaintiff's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). (Doc. 4.) Plaintiff filed his First Amended Complaint on September 11, 2009. (Doc. 8.) On October 8, 2009, the Court dismissed Plaintiff's First Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). (Doc. 11.) On October 28, 2009, Plaintiff filed his Second Amended Complaint. (Doc. 14.) Again, on November 9, 2009, the Court dismissed Plaintiff's Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). (Doc. 15.)

## II. FACTUAL BACKGROUND

Plaintiff's factual allegations relate to two separate incidents at Calipatria State Prison. First, on December 23, 2007, Plaintiff alleges Defendants M. Gains, S. Holmstrom and J. Beltran placed him in a locked shower for three hours. (TAC at 8.) Though he was unable to harm prison officials or other inmates while locked in the shower, Plaintiff alleges Defendants M. Cario, L. Garza, B. Rascon, J. Palomera and B. Smith maliciously and sadistically sprayed him with three medium cans and one "very large fire extinguisher sized can" of O.C. pepper spray. (Id.) As a result, Plaintiff lost his balance, slipped and injured the left side of his head and face. (Id.) Upon standing, Plaintiff alleges he was handcuffed and escorted to a broken shower where Defendants were unable to decontaminate him effectively. (Id.) Plaintiff alleges he was dragged to the medical clinic where he was left to soak in the burning pepper spray for approximately two hours. (Id.) Plaintiff contends pepper spray dripped from his hair into his eyes, ultimately causing impaired vision. (Id.)

Plaintiff also sets forth allegations relating to a second incident that occurred eight months later. Plaintiff alleges he filed an inmate grievance against Defendant Garcia on June 4, 2008 concerning "inappropriate behavior." (TAC, Ex. 1 at 14.) On July 18, 2008, Plaintiff alleges Garcia suddenly, maliciously and sadistically slammed him against the wall while escorting him in handcuffs to his morning shower. (Id.) Plaintiff contends Garcia pinned him against the wall and threatened further harm unless Plaintiff withdrew the pending inmate grievance. (Id.) Plaintiff claims Garcia stated: "it gets worse than this bump against the wall." (Id.)

## III. STANDARD OF REVIEW

**A.   Rule 12(b)(6) Motions to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999). "The old formula –- that the complaint must not be dismissed unless it is beyond doubt without merit –- was discarded by the Bell Atlantic decision [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]." Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief

1  that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570. "A claim has facial plausibility when
2  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
3  defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949
4  (2009). The court must accept as true all material allegations in the complaint, as well as reasonable
5  inferences to be drawn from them, and must construe the complaint in the light most favorable to the
6  plaintiff. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City
7  of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d
8  1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
9       The court does not look at whether the plaintiff will "ultimately prevail but whether the
10 claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236
11 (1974); see Bell Atl. Corp., 550 U.S. at 563 n.8. A dismissal under Rule 12(b)(6) is generally proper
12 only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a
13 cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Balistreri v.
14 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).
15      The court need not accept conclusory allegations in the complaint as true; rather, it must
16 "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v.
17 Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11
18 F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, 382 F.3d at 973 (citing Clegg v. Cult
19 Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)) (stating that on Rule 12(b)(6) motion, a
20 court "is not required to accept legal conclusions cast in the form of factual allegations if those
21 conclusions cannot reasonably be drawn from the facts alleged[]"). "Nor is the court required to
22 accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
23 unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
24      In addition, when resolving a motion to dismiss for failure to state a claim, courts may not
25 generally consider materials outside the pleadings. Schneider v. Cal. Dep't of Corrs., 151 F.3d
26 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir.
27 1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).
28 "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1.

This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993)).

"When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

### B.     Standards Applicable to Pro Se Litigants

Where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies.

Karim-Panahi, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

**C.     Stating a Claim Under 42 U.S.C. § 1983**

To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983; Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986).

## IV. DISCUSSION

Plaintiff's claims arise out of two separate incidents at Calipatria State Prison. First, Plaintiff raises the following claims in regards to the December 23, 2007 incident: (1) Defendants Gains, Holstrom, Beltran, Carpio, Smith, Garza, Rascon, and Palomera violated his Eighth Amendment right against cruel and unusual punishment;[2] (2) Defendants Carpio, Garza, Rascon, Palomera and Smith violated California Penal Code §§ 243 and 245; (3) Defendants Gains, Holstrom, Beltran, Carpio, Smith, Garza, Rascon, and Palomera violated California Penal Code §§ 147, 661, 2650, 2652 and 5058.4; (4) Defendant Cate violated his constitutional and state law rights by failing to supervise and control the Defendant employees of the California Department of Corrections and Rehabilitation; and (5) requests for injunctive relief. (TAC at 9-12.)

Second, Plaintiff raises the following claims against Defendant Garcia in regards to the July 18, 2008 incident: (1) violation of his Eighth Amendment right against cruel and unusual punishment;[3] (2) violation of his First Amendment right against retaliation; (3) violation of his Fourth Amendment right against unreasonable seizure; (4) violation of California Penal Code §§ 243

---

[2] Plaintiff seems to allege two separate violations of the Eighth Amendment: a violation of his right against use of excessive force and a violation of his right against cruel and unusual punishment. (TAC at 4-5.) The Eighth Amendment's Cruel and Unusual Punishments clause forbids the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 4 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)). "What is necessary to establish an 'unnecessary and wanton infliction of pain,' . . . varies according to the nature of the alleged constitutional violation." Id. at 5. For example, a showing of excessive force may establish the "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. Id. at 4-7. Accordingly, the Court shall address Plaintiff's Eighth Amendment claims as a single claim: excessive force in violation of his right to be free from cruel and unusual punishment.

[3] In regards to Defendant Garcia, Plaintiff also seems to allege two separate violations of the Eighth Amendment. (TAC, Ex. 1 at 13.) For the reasons stated above, the Court shall address Plaintiff's Eighth Amendment claims as a single claim: excessive force in violation of his right to be free from cruel and unusual punishment.

and 245; and (5) violation off California Penal Code §§ 147, 661, 2650, 2652 and 5058.4. (Id., Ex. 1 at 13-15.)

Defendants move to dismiss Plaintiff's claims against Defendant Garcia in their entirety for misjoinder. Defendants further move to dismiss the following causes of action for failure to state a claim upon which relief may be granted: (1) the Eighth Amendment cruel and unusual punishment claim against Defendants Gains, Holmstrom and Beltran; (2) the respondeat superior claim against Defendant Cate; (3) all state law claims; (4) all claims against Defendants Gains, Holmstrom, Beltran, Carpio, Garza, Rascon, Palomera, Smith and Cate in their official capacities; and (4) requests for injunctive relief. (See MTD at 7-18.)

## A. **Misjoinder of Defendants**

Defendants argue Plaintiff's claims against Defendant Garcia should be dismissed because they are too removed from, and unrelated to, the allegations against the remaining Defendants to satisfy the requirements of the Federal Rules of Civil Procedure for permissive joinder of a party. (MTD at 14-17.) The joinder of claims against multiple defendants in a single action is governed by Federal Rule of Civil Procedure 20(a), which provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay and added expense." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The purpose of Rule 20 is not served if a plaintiff's claims against different defendants "raise[] potentially different issues, and must be viewed in a separate and individual light by the Court." Id. at 1351. "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." Id. at 1350. The determination of whether severance is appropriate lies within the sound discretion of the trial court. Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000) (noting district courts are vested with "broad discretion" in determining severance).

In the present action, Plaintiff fails to satisfy both prongs of the test for permissive joinder.

First, Plaintiff's claims against Defendant Garcia arise out of a distinctly different series of events than the claims raised against Defendants Gains, Holmstrom, Beltran, Carpio, Garaza, Rascon, Palomera, Smith and Cate. Defendant Garcia was not involved in the December, 2007 pepper spray incident. (TAC at 8-12.) Rather, Plaintiff's claims against Defendant Garcia arise out of an unrelated inmate grievance filed eight months later. (Id., Ex. 1 at 13-14.) Plaintiff argues the factual circumstances of both incidents are identical because both demonstrate Calipatria State Prison employees act with disregard for inmates' constitutional rights and safety. (Doc. 42 at 5 ("Pl.'s Opp'n").) However, the fact that all Defendants are employed by Calipatria State Prison alone is insufficient to establish a common transaction or occurrence. See Funtanilla v. Tristan, 2010 WL 1267133, at *5 (E.D. Cal. Mar. 30, 2010).

Moreover, Plaintiff's claims against Defendant Garcia do not share common questions of law or fact with the claims raised against Defendants Gains, Holmstrom, Beltran, Carpio, Garaza, Rascon, Palomera, Smith and Cate. Plaintiff argues both claims involve violations of the Eighth Amendment's prohibition against cruel and unusual punishment and the use of excessive force. (Pl.'s Opp'n at 5.) However, it is well-established that "the mere fact that . . . claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351. Here, Plaintiff's claims against Defendant Garcia involve discrete factual allegations, as well as potentially different legal issues, standards and procedures. Even if Plaintiff's claims were not severed, the Court would have to give each claim individualized attention. Id. Accordingly, the Court finds Plaintiff has failed to satisfy both the first and second prong of the test for permissive joinder.

Nevertheless, the Court finds that dismissal of Petitioner's misjoined claims would cause unfair prejudice to his substantial rights. See id. at 1350. Although the issue was not addressed by the parties, the Court notes the statute of limitations for Plaintiff's claims against Defendant Garcia has expired. CAL. CIV. PROC. CODE § 335.1 (setting two-year statute of limitations for actions arising under § 1983). Dismissal of Plaintiff's claims against Defendant Garcia without prejudice would in effect be the equivalent of a dismissal with prejudice, as Plaintiff would be barred from

refiling his claims against Garcia under the applicable statute of limitations. See Marti v. Padilla, 2010 WL 1267120, at *1 (E.D. Cal. Mar. 30, 2010.) Such a result would contradict the plain language of Rule 21, which states that "[m]isjoinder of parties is not a ground for dismissing an action," and courts may drop a misjoined party only on "just terms." Id.; FED. R. CIV. P. 21.

Defendants argue Defendants Gains, Holmstrom, Beltran, Carpio, Garza, Rascon, Palomera and Smith will be prejudiced if forced to defend their claims with Defendant Garcia. (MTD at 16.) They contend there is a "substantial risk that each Defendant will be tainted by the presentation of evidence regarding the alleged misdeeds of another, unfairly resulting in guilty by association." (Id.) (internal quotations omitted.) At this time, however, the Court finds the prejudice to Plaintiff's substantial rights outweighs any potential jury confusion and prejudice to Defendants. If, after all dispositive motions have been decided, Defendants believe a single trial would be prejudicial, they may refile their motion to sever and move the Court to order separate trials in the interests of justice. See Marti, 2010 WL 1267120, at *1.

The Court concludes that the interests of justice are best served by joining all of the Defendants in this case. Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claims against Defendant Garcia for misjoinder be **DENIED**.

**B.     Eighth Amendment: Excessive Force**

Plaintiff alleges Defendants Gains, Holmstrom, Beltran, Carpio, Garza, Rascon, Palomera and Smith violated his Eighth Amendment right to be free from cruel and unusual punishment by maliciously and sadistically placing him in a locked shower for three hours, spraying him with O.C. pepper spray and failing to decontaminate him effectively. (TAC at 8-9.) Defendants move to dismiss the Eighth Amendment claim against Defendants Gains, Holmstrom and Beltran because Plaintiff has failed to state a claim against these Defendants. (MTD at 11-12.)

The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). Where "prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7; Schwenk

v. Anderson, 204 F.3d 1187, 1196 (9th Cir. 2000); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10. Therefore, in determining whether force was used maliciously and sadistically to cause harm, courts must examine: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response. Id. at 7.

"A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional violation." Id.

Here, Plaintiff merely alleges Defendants Gains, Holmstrom and Beltran placed him in the locked shower for three hours. (TAC at 8.) Plaintiff does not allege this confinement violated his constitutional rights. (Id.) Rather, he alleges Defendants Carpio, Garza, Rascon, Palomera and Smith violated his Eighth Amendment rights by spraying him with several cans of O.C. pepper spray, which caused him to fall and injure the left side of his face and head. The Court cannot ascertain from the Third Amended Complaint who "dragged" Plaintiff to the medical clinic and "left him to burn, while handcuffed and still soaked in O.C. pepper spray for about two hours." (Id.) Moreover, there is no indication from the pleadings that Defendants Gains, Holmstrom and Beltran were aware of the use of pepper spray or failed to intervene on Plaintiff's behalf. (Id.) Thus, because Plaintiff's Third Amended Complaint fails to allege Defendants Gains, Holmstrom and Beltran's actions or omissions caused the alleged constitutional violations, the Court recommends Defendants' Motion to Dismiss the causes of action against these three Defendants be **GRANTED**

without prejudice.

### C. Respondeat Superior Liability

Plaintiff alleges Defendant Cate, Secretary of the California Department of Corrections and Rehabilitation, failed to supervise and control the Defendant employees of the California Department of Corrections and Rehabilitation. (TAC at 10.) There is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Therefore, when a named defendant holds a supervisory position, a causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisor either: personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). As currently pled, however, Plaintiff's Third Amended Complaint does not allege facts that may be liberally construed to support a claim against Defendant Cate. Accordingly, the Court recommends Defendants' Motion to Dismiss be **GRANTED** without prejudice as to Defendant Cate.

### D. State Law Claims

Plaintiff raises the following claims for violations of state law: (1) Defendants Carpio, Garza, Rascon, Palomera and Smith violated California Penal Code §§ 243 and 245; and (2) Defendants Gains, Holmstrom, Beltran, Carpio, Smith, Garza, Rascon, and Palomera violated California Penal Code §§ 147, 661, 2650, 2652 and 5058.4; (3) Defendant Garcia violated California Penal Code §§ 243 and 245; and (4) Defendant Garcia violated California Penal Code §§ 147, 661, 2650, 2652 and 5058.4. Plaintiff invokes this Court's jurisdiction over his supplemental state law claims under 28 U.S.C. § 1367. (TAC at 1); see Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996) (holding section 1983 does not provide a cause of action for violations of state law).

However, Plaintiff's fails to state a claim upon which relief may be granted because these provisions of the California Penal Code do not create a private cause of action. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding district court properly dismissed claims brought under various California Penal Code provisions because the code sections did not create enforceable individual rights). Accordingly, the Court recommends Defendants' Motion to Dismiss be **GRANTED** with prejudice as to Plaintiff's state law claims.

### E. Injunctive Relief

Plaintiff seeks an injunction "to stop Calipatria State Prison personnel from taking training courses that teach them how to violate inmates['] state and federal constitutional rights." (TAC at 10.) He also seeks an injunction to prevent Calipatria State Prison personnel from violating inmates' civil rights. (Id. at 11.) "A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct." Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir. 1992); see also Walters v. Reno, 145 F.3d 1032, 1048 (9th Cir. 1998) ("Injunctive relief is appropriate in cases involving challenges to government policies resulting in a pattern of constitutional violations."). Injunctive relief is not appropriate here because Plaintiff has not alleged a pattern of constitutional violations. (See TAC at 8-12.) Furthermore, Plaintiff has been transferred from Calipatria State Prison to Salinas Valley State Prison. (TAC at 1.) Thus, even if the Court were to find injunctive relief appropriate in this case, Plaintiff is no longer under the custody or control of Calipatria State Prison personnel. See Flast v. Cohen, 392 U.S. 83, 95 (1968) (reasoning a claim is considered moot if it has lost its character as a present and live controversy). Based thereon, the Court recommends Defendants' Motion to Dismiss be **GRANTED** without prejudice as to Plaintiff's request for injunctive relief.

### F. Eleventh Amendment Sovereign Immunity

Defendants move to dismiss all claims against Gains, Holmstrom, Beltran, Carpio, Garza, Rascon, Palomera, Smith and Cate in their official capacities.[4] (MTD at 18.) The Eleventh

---

[4] Plaintiff has sued Defendant Garcia in his individual capacity only. (Id., Ex. 1 at 13.)

Amendment prohibits actions for damages against state officials acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")  While "the Eleventh Amendment does not bar a federal court from granting prospective injunctive relief against an officer of the State who acts outside the bounds of his authority," this Court recommends that Plaintiff's requests for injunctive relief be dismissed, as previously discussed. Porter v. Bd. of Trustees, Manhattan Beach Unified Sch. Dist., 307 F.3d 1064, 1074 (9th Cir. 2002) (quoting Cerrato v. San Francisco Comty. Coll. Dist., 26 F.3d 968, 973 (9th Cir. 1994)).  Accordingly, the Court recommends Defendants' Motion to Dismiss be **GRANTED** with prejudice as to all claims against Defendants in their official capacities. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000) (holding denial of leave to amend is appropriate where amendment of a *pro se* litigant's complaint would be futile).

## V. CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be **GRANTED in part** and **DENIED in part**. Specifically, the Court recommends:

1. Defendants' Motion to Dismiss Plaintiff's claims against Defendant Garcia for misjoinder be **DENIED**.
2. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Gains, Holmstrom and Beltran be **GRANTED** without prejudice.
3. Defendants' Motion to Dismiss Plaintiff's claims against Defendant Cate be **GRANTED** without prejudice.
4. Defendants' Motion to Dismiss Plaintiff's state law claims against Defendants Gains, Holmstrom, Beltran, Carpio, Smith, Garza, Rascon, Palomera and Garcia be **GRANTED** with prejudice.
5. Defendants' Motion to Dismiss Plaintiff's request for injunctive relief be **GRANTED** without prejudice.
6. Defendants' Motion to Dismiss Plaintiff's claims against Defendants Gains,

Holmstrom, Beltran, Carpio, Garza, Rascon, Palomera, Smith and Cate in their official capacities be **GRANTED** with prejudice.

If the aforementioned recommendations are accepted and the Court does not give leave to amend, the action will proceed as currently pled on the following:

1. Eighth Amendment excessive force claim against Defendant Garcia.
2. First Amendment retaliation claim against Defendant Garcia.
3. Fourth Amendment unreasonable search and seizure claim against Defendant Garcia.
4. Eighth Amendment excessive force claim against Defendants Carpio, Garza, Rascon, Palomera and Smith.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than February 24, 2011**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 26, 2011

LOUISA S PORTER
United States Magistrate Judge

cc   The Honorable Larry A. Burns
     All parties