# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON,<br><br>                   Plaintiff,<br>vs.<br><br>M. GAINS, et al.,<br><br>                  Defendants. | CASE NO. 09cv1312-LAB (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>**ORDER DISMISSING CLAIMS; AND**<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

     Plaintiff Anthony Wayne Johnson, an inmate proceeding *in forma pauperis*, filed his original complaint on June 8, 2009, seeking relief based on alleged harassment and mistreatment in prison pursuant to 42 U.S.C. § 1983.

     All dispositive matters were referred to Magistrate Judge Louisa Porter for report and recommendation pursuant to 28 U.S.C. § 636. After Johnson amended his complaint twice, Defendants moved to dismiss. On January 26, 2011, Judge Porter issued her report and recommendation (the "R&R"). Objections to the R&R were due February 24, 2011. On February 7, Johnson filed a pleading which he identified as his objections to the R&R. Defendants filed no objections. The R&R recommended granting the motion in part and dismissing it in part, leaving four claims pending: an Eighth Amendment excessive force claim, a First Amendment retaliation claim, and a Fourth Amendment unreasonable search

and seizure claim against Defendant Garcia; and Eighth Amendment excessive force claims against Defendants Carpio, Garza, Rascon, Palomera, and Smith.

## I. Motion to Dismiss

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.* When no objections are filed, the District Court need not review *de novo* the Report and Recommendation. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005).

Here, Johnson's "objections" consist of two pages of text, first requesting that each of the R&R's recommendations not be adopted, and then arguing in completely general terms that the R&R is wrong. The second part of the "objections" asks the Court to review the motion to dismiss and Johnson's opposition to it.

Under Fed. R. Civ. P. 72(b)(2), a party may file "specific written objections" to a report and recommendation. Objections to a report in its entirety do not satisfy this requirement. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 3d 333 (S.D.N.Y. 2009). As the Sixth Circuit has pointed out,

> [a] general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.

*Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court is therefore not required to, and does not, review the entire R&R *de novo*. Johnson's generalized objections are **OVERRULED** and the R&R is **ADOPTED**.

**II.     Motion for Leave to File Fourth Amended Complaint**

Johnson on February 18, 2011 filed a motion for leave to file a fourth amended complaint ("FAC"), attaching the proposed complaint as an exhibit. Because denial of leave to amend could prove dispositive, this motion is **REFERRED** to Magistrate Judge Porter for a report and recommendation.

**III.    Conclusion and Order**

For reasons set forth in the R&R, the Court rules as follows:

1. Defendants' Motion to Dismiss Plaintiff's claims against Defendant Garcia for misjoinder is **DENIED**.

2. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Gains, Holmstrom and Beltran is **GRANTED** without prejudice.

3. Defendants' Motion to Dismiss Plaintiff's claims against Defendant Cate is **GRANTED** without prejudice.

4. Defendants' Motion to Dismiss Plaintiff's state law claims against Defendants Gains, Holmstrom, Beltran, Carpio, Smith, Garza, Rascon, Palomera and Garcia is **GRANTED** with prejudice.

5. Defendants' Motion to Dismiss Plaintiff's request for injunctive relief is **GRANTED** without prejudice.

6. Defendants' Motion to Dismiss Plaintiff's claims against Defendants Gains, Holmstrom, Beltran, Carpio, Garza, Rascon, Palomera, Smith and Cate in their official capacities is **GRANTED** with prejudice.

**IT IS SO ORDERED**.

DATED: February 24, 2011

_____

**HONORABLE LARRY ALAN BURNS**
United States District Judge