UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY WAYNE JOHNSON, JR., | Civil No. 09cv1312-LAB (POR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| M. GAINS *et al.*, | |
| Defendants. | **[Doc. 69]** |

Plaintiff, currently incarcerated at Salinas Valley State Prison, is proceeding *pro se* and *in forma pauperis* with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. On April 14, 2011, Plaintiff filed a Motion for Appointment of Counsel and Notice of Motion for Summary Judgment. (ECF No. 69.) For the reasons set forth below, the Court hereby **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel. The Court will address Plaintiff's Motion for Summary Judgment in a separate order.

Generally, "there is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional

1  circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability
2  of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'
3  Neither of these issues is dispositive and both must be viewed together before reaching a decision.'"
4  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

5      Plaintiff requests the appointment of counsel because there is a strong likelihood of success
6  on the merits. (ECF No. 69 at 1, 3.) Specifically, Plaintiff argues Defendants Rascon, Palomera,
7  Garcia and Carpio admitted to using O.C. pepper spray on Plaintiff with malicious and sadistic
8  intent. (Id.) Plaintiff also claims there were approximately 200 inmates who witnessed the attack
9  and would be able to provide testimony on his behalf. (Id. at 1.) However, Plaintiff argues he will
10 be unable to complete discovery without the assistance of counsel because prison regulations
11 prohibit him from corresponding with other inmates. Finally, Plaintiff contends the assistance of
12 counsel will be necessary to present medical expert testimony and cross-examine witnesses at trial.

13     The Court finds Plaintiff's request for appointment of counsel premature at this time. The
14 Court discussed alternative methods for completing discovery with Plaintiff and Defendants'
15 counsel at the May 6, 2011 Case Management Conference. Moreover, Plaintiff has sufficiently
16 represented himself to date. Plaintiff's Motion for Summary Judgment demonstrates an
17 understanding of the facts of this case and the legal issues involved. (See ECF No. 66.) While this
18 motion is pending, the Court finds the interests of justice do not require the appointment of counsel.
19 Therefore, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

20     **IT IS SO ORDERED.**

21 DATED: May 24, 2011

23     LOUISA S PORTER
    United States Magistrate Judge

25 cc     The Honorable Larry A. Burns
    All parties