UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. GAINS *et al.*, <br><br> Defendants. | Civil No.   09cv1312-LAB (POR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT EXPERT WITNESS** <br><br> **[ECF No. 100]** |

**A.     Introduction**

On February 10, 2010, Plaintiff Anthony Wayne Johnson, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed a third amended complaint pursuant to 42 U.S.C. § 1983 against ten California Department of Corrections and Rehabilitation officials.  On September 2, 2011, Plaintiff filed a Motion to Appoint an Expert Witness.  (ECF No. 100.)  Defendants filed an Opposition on September 22, 2011.  (ECF No. 111.)  Plaintiff filed a Response to Defendants' Opposition on October 3, 2011.  (ECF No. 116.)

On October 5, 2011, the Court held a Discovery Conference.  Appearing were Plaintiff Anthony Johnson and Terrence Sheehy, Esq., counsel for Defendants.  Based on the discussions with the parties and for the reasons set forth below, Plaintiff's motion is hereby **DENIED**.

**B.     Discussion**

In the instant motion, Plaintiff requests the Court appoint and pay for forensic psychologist Dr. Melvin Macomber to evaluate Defendants "in order to prove that they each suffer from severe

psychological and mental disorders and that they each had malicious and sadistic intentions to harm Plaintiff on December 23, 2007 and July 18, 2008." (ECF No. 100.) Plaintiff intends to call Dr. Macomber to testify as to "defendants' state of mind and their propensities." (*Id.*) He anticipates the cost of Dr. Macomber's services "will not exceed $28,600." (*Id.*)

The district courts have full discretion to appoint an expert witness. FED. R. EVID. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir.1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991). In exercising its discretion, the Court must consider whether complex scientific evidence or issues exist which warrant the appointment of an expert witness. *Id.* Rule 706 also "allows the court to assess the cost of the expert's compensation as it deems appropriate." *Id.* However, the in forma pauperis statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993).

In addition, the Court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). Such an order "may be made only on motion for good cause." FED. R. CIV. P. 35(a)(2)(A). A party seeking to compel a mental or physical examination of an adverse party must demonstrate that (1) the adverse party's mental or physical condition is in controversy and (2) there is good cause for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). The Supreme Court has further explained that the "in controversy" and "good cause" requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings– nor by mere relevance to the case– but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.*

Here, Plaintiff fails to establish good cause to compel mental examinations of Defendants. Defendants' mental conditions in general are not at issue in this case. Defendants' intent at the time of the alleged excessive force is at issue; however, a court-appointed expert witness is not necessary to prove Defendants' intent. Defendants maintain, and the Court agrees, that the parties are "able to establish each other's mental state at the time of the incident through each parties' direct testimony,

1 the testimony of percipient witnesses, and through other evidence such as discovery responses and
2 documentary evidence." (ECF No. 111 at 3.)  Further, the *in forma pauperis* statute does not waive
3 Plaintiff's responsibility to pay for an expert witness.  Plaintiff requests this Court pay the fees of his
4 expert.  The relevancy of such expert's testimony is outweighed by the costs.  Thus, this Court
5 cannot and will not order such payments.  Based thereon, Plaintiff's Motion to Appoint an Expert
6 Witness is hereby **DENIED**.

   **IT IS SO ORDERED.**

DATED: October 24, 2011

LOUISA S PORTER
United States Magistrate Judge

cc    The Honorable Larry A. Burns
      All parties