1
2
3
4
5
6
7
8                               UNITED STATES DISTRICT COURT

9                               SOUTHERN DISTRICT OF CALIFORNIA

10  ANTHONY WAYNE JOHNSON, JR.,              Civil No.    09cv1312-LAB (POR)

11                              Plaintiff,
                                             **ORDER FOLLOWING DISCOVERY**
12                                           **CONFERENCE AND IMPOSING**
                                             **SANCTIONS**
13                 v.
                                             **[ECF No. 148]**
14  M. GAINS *et al.*,
                                             **[ECF No. 150]**
15
                                Defendants.   **[ECF No. 152]**
16

17

18                                  **I. INTRODUCTION**

19        On December 7, 2011, Plaintiff Anthony Wayne Johnson, Jr., a state prisoner proceeding *pro*

20  *se* and *in forma pauperis* on a civil rights action pursuant to 42 U.S.C. § 1983, filed the following

21  discovery motions: (1) Motion for Sanctions for Unlawful Responses to Plaintiff's Second Set of

22  Requests for Admissions (M. Carpio) (ECF No. 148); (2) Motion for Sanctions for Refusal to Obey

23  Court's Order (ECF No. 150); and (3) Motion to Compel Answers to Second Set of Interrogatories

24  of L. Garza (ECF No. 152).  Defendants filed a consolidated Opposition to Plaintiff's motions on

25  December 30, 2011.  (ECF No. 166.)

26        On January 9, 2012, the Court held a Discovery Conference.  Mr. Terrence Sheehy appeared

27  on behalf of Defendants and Plaintiff Anthony Wayne Johnson, Jr. appeared on his own behalf.

28  Based on the discussion with the parties and for the reasons set forth below, Plaintiff's requests for

sanctions are hereby **GRANTED**.

## II. PROCEDURAL HISTORY

**A.**     **Plaintiff's Motion for Sanctions for Unlawful Responses**

On November 18, 2011, the Court held a Discovery Conference regarding Plaintiff's Motion to Compel the Production of Documents (set three).  Mr. Sheehy appeared on behalf of Defendants and Plaintiff appeared on his own behalf.  At the conclusion of the conference, the parties informed the Court a dispute had developed as to the number of requests for admissions Plaintiff had served on Defendant Carpio.  Good cause appearing, the Court set the number of discovery requests Plaintiff may serve on each Defendant at fifty.  (ECF No. 144.)  The Court further ordered Defendants to respond to Plaintiff's outstanding Requests for Admissions.  (*Id.*)

On December 7, 2011, Plaintiff filed the instant Motion for Sanctions for Unlawful Responses.  (ECF No. 148.)  Plaintiff argues sanctions are appropriate because Defendant M. Carpio initially objected to his Second Set of Requests for Admissions with the blanket statement: "Defendant objects to this request on the grounds that it exceeds the number of Requests for Admissions allowed under Federal Rule of Civil Procedure 36 and Southern District Local Rule 36.1.a.  Plaintiff has previously propounded, and Defendant Carpio answered, 41 Requests for Admissions without leave of Court to exceed the limits on Requests for Admissions." [1]  (ECF No. 148 at 1.)  Plaintiff contends this objection is not supported by the Federal Rules of Civil Procedure. Accordingly, Plaintiff requests the Court impose sanctions on Defendants' counsel and find that his Second Set of Requests for Admissions was admitted by Defendant Carpio.  (*Id.*)

Defendants filed an Opposition to Plaintiff's motion on Carpio's initial objection to Plaintiff's Second Set of Requests for Admissions was supported by Civil Local Rule 36.1(a), which provides: "No party will serve on any other party requests for admission which, including subparagraphs, number more than twenty-five requests for admission without leave of court."  *See* S.D. Cal. Civ. R. 36.1(a).  According to Defendants, "Plaintiff previously served twenty-five requests for admissions upon Defendant Carpio, and then sought to serve additional requests without

---

[1]

It appears Plaintiff's motion was prepared prior to the November 18, 2011 Discovery Conference.

leave of Court."  (ECF No. 166 at 4.)

At the January 9, 2012 Discovery Conference, the parties represented Defendant Carpio had since provided complete supplemental responses to Plaintiff's Second Set of Requests for Admissions.  Thus, while Defendants appeared to comply with Court's November 23, 2011 Order to respond to Plaintiff's outstanding Requests for Admissions (ECF No. 144), Defendants' counsel conceded that these responses were not served in a timely manner.

**B.**     **Plaintiff's Motion for Sanctions for Refusal to Obey Court Order**

On September 2, 2011, Plaintiff filed a Motion to Compel Answers to Interrogatories.  (ECF No. 103.)  Plaintiff claimed he served Defendants Gains, Rascon, Cate, Smith, Garza and Carpio with seventeen interrogatories.  He argued Defendants "unlawfully objected to all of Plaintiff's interrogatories with the blanket phrase: 'Objection.  This request is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.'" (*Id.* at 1.)  On September 30, 2011, Defendants filed an Opposition to Plaintiff's Motion to Compel, arguing the Court should deny Plaintiff's motion because he failed to demonstrate the objection was inappropriate.  (ECF No. 115 at 4.)

The Court held a Discovery Conference on October 5, 2011.  With respect to Interrogatories Numbers 8, 11 and 12, the Court ordered:

Interrogatory No. 8

Defendants objected to Interrogatory No. 8 on the grounds that the request is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding their objections, Defendants Rascon, Gains, Garza, Carpio, Smith and Cate responded to Interrogatory No. 8.
At the Discovery Conference, Defendants' counsel agreed to conduct a thorough search for records or documents that may respond to Plaintiff's Request for Production No. 9.  Defendants' counsel shall submit all responsive documents to the Court for an *in camera* review on or before **October 31, 2011**.  Upon review, the Court may order the production of documents with all personal information redacted from the files.
To the extent Plaintiff seeks additional responses to Interrogatory No. 8, the Court finds that evidence sought in Interrogatory No. 8 is subsumed by Plaintiff's Request for Production No. 9.[2]  Based thereon, Plaintiff's Motion to Compel a

---

[2]

In Document Request No. 9, Plaintiff requested "all written documents, reports, or investigation reports including but not limited to CDCR Form 402, Hiring Authority Review of Investigation, CDCR Form 403, CDCR Form 1123 and Justification of Penalty, Charging Package, 'Skelly Package,' rules of

response to Interrogatory No. 8 is DENIED as moot.

Interrogatory No. 11

In response to Interrogatory No. 11, Defendants' counsel shall conduct a thorough search for and provide copies of any logs of the amount of O.C. pepper spray used by each Defendant or the size of O.C. pepper spray can checked out to each Defendant on December 23, 2007. Defendants' counsel shall provide such materials on or before **October 31, 2011**.

Interrogatory No. 12

In response to Interrogatory No. 12, Defendants' counsel shall provide Plaintiff with the first names of "nurse Correa" and "Psych Tech Lewis" on or before **October 31, 2011**. To the extent Plaintiff seeks to compel additional responses to this interrogatory, Plaintiff's Motion to Compel is DENIED.

(ECF No. 127 at 3-4.)

On December 7, 2011, Plaintiff filed the instant Motion for Sanctions for Refusal to Obey Court's Order, arguing Defendants failed to comply with the Court's previous order with respect to Interrogatories Numbers 8, 11 and 12. (ECF No. 150.) Accordingly, Plaintiff requests the Court award sanctions of $200.00 to cover the legal costs incurred on account of Defendants' counsel's "refusal to comply with the Federal Rules of Civil Procedure and the Magistrate's order." (*Id.* at 1.)

The Court shall address Defendants' response to Interrogatories Numbers 8, 11 and 12, respectively.

1.    Interrogatory Number 8

In response to the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Interrogatories, Defendants filed the declaration of their attorney, Mr. Terrence Sheehy, on October 31, 2011. (ECF No. 131.) Mr. Sheehy stated Calipatria State Prison staff performed a thorough search with the Employee Relations Office and ISU for all written

investigations and all other relevant reports and documents containing any information, complaint or disposition regarding Plaintiff and all Defendants arising out of an in regard to the events of December 23, 2007 involving Plaintiff and any/all Defendants."

On July 18, 2011, the Court ordered Defendants to produce all responsive documents for an *in camera* review. (ECF No. 85.) On July 27, 2011, Defendants filed the Declaration of Maria O. Chacon, who stated there were no records to be produced in response to the Court's order. (ECF No. 87.) On September 2, 2011, Plaintiff filed a Motion for Sanctions arguing Defendants failed to comply with the Court's order. (ECF No. 105.) The Court denied the motion on October 24, 2011. (ECF No. 125.)

1  documents and reports responsive to Plaintiff's Request for Production Number 9, as subsumed by

2  Plaintiff's Interrogatory Number 8.  However, there were no documents to be produced for the

3  Court's *in camera* review.  (*Id.* at 2.)  Defendants indicated the same in their Opposition to

4  Plaintiff's instant Motion for Sanctions.  (ECF No. 166 at 3.)

5         At the January 9, 2012 Discovery Conference, the parties agreed to meet and confer

6  regarding Defendants' response to Interrogatory Number 8.  After their meet and confer on January

7  11, 2012, Defendants' counsel submitted a Status Report, representing Defendants would provide

8  "amended responses" to Interrogatory Number 8 within two weeks.

9         2.    Interrogatory Number 11

10        It is unclear whether Defendants produced any documents responding to Interrogatory

11 Number 11 on or before October 31, 2011 in compliance with the Court's previous order.  At the

12 January 9, 2012 Discovery Conference, the parties also agreed to meet an confer regarding

13 Defendants' response to this interrogatory.  After their meet and confer on January 11, 2012,

14 Defendants' counsel represented Defendants would provide "amended responses" to Interrogatory

15 Number 11 within two weeks.

16        3.    Interrogatory Number 12

17        Similarly, it is unclear whether Defendants responded to Interrogatory Number 12 in any

18 way on or before October 31, 2011.  However, in their Opposition to Plaintiff's Motion for

19 Sanctions for Refusal to Obey Court's Order, filed December 30, 2011, Defendants stated they "are

20 now informed and believe that the first name of the Nurse Correa that Plaintiff requests is 'Daniel.'"

21 (ECF No. 166.)  At the Discovery Conference, Plaintiff argued, and Defendants' counsel agreed, that

22 Nurse Correa's first name was provided well after the Court's October 31, 2011 deadline.

23 **C.    Plaintiff's Motion to Compel Answers Second Set of Interrogatories (L. Garza)**

24        On December 7, 2011, Plaintiff filed a Motion to Compel Answers to Second Interrogatories

25 (L. Garza).  (ECF No. 152.)  Plaintiff contends he served Defendant Garza with his Second Set of

26 Interrogatories on September 22, 2011, yet Garza failed to respond.  (*Id.*)  Defendants filed an

27 Opposition to Plaintiff's motion on December 30, 2011, stating only that responses would be served

28 by January 6, 2011.  (ECF No. 166.)

At the Discovery Conference, Defendants' counsel confirmed that the responses had been mailed January 5, 2012.  He conceded these responses were not served in a timely manner and stated Plaintiff's request simply "slipped through the cracks."

### III. DISCUSSION

Federal courts may impose monetary sanctions on parties failing to comply with court orders under both the Federal and Local Rules.  Rule 37 provides that where a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).  Furthermore, "[f]ailure of counsel or of any party to comply . . . with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, . . . imposition of monetary sanctions or attorneys' fees and costs."   S.D. Cal. Civ. R. 83.1(a).

The lack of bad faith does not immunize a party or its attorney from sanctions; however, a finding of good or bad faith my be a consideration in determining whether imposition of sanctions would be unjust.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *see also Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1343 (9th Cir. 1985) ("We consistently have held that sanctions may be imposed even for negligent failures to provide discovery.").  Moreover, "[b]elated compliance with discovery orders does not preclude the imposition of sanctions" as the "[l]ast-minute tender of documents does not cure the prejudice to opponents." *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986), citing *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647-48 (9th Cir. 1978).

Here, the parties do not dispute that Defendants failed to comply with the Court's orders regarding Plaintiff's discovery requests in a timely manner.  It is unclear whether these dilatory discovery practices are the fault of the Attorney General's Office or the California Department of Corrections and Rehabilitation.  However, the Court believes that a combination of prison personnel's failure to comply with valid Court orders and defense counsel's failure to comply with the time deadlines of the Federal Rules of Civil Procedure in a reasonable manner has prejudiced

Plaintiff's ability to conduct full and adequate discovery in this case.  Based thereon, IT IS HEREBY ORDERED:

      1.     Plaintiff's request for $200.00 in sanctions is hereby **GRANTED**.  Defendants and Defendants' counsel are jointly and severally liable for $200.00 in sanctions to be paid to Plaintiff's prison account on or before **January 31, 2012**.

      2.     The parties have met and conferred on all outstanding discovery related issues. However, if further discovery disputes develop, the parties shall contact the chambers of the Honorable Louisa S Porter immediately.

DATED:  January 18, 2012

_____
LOUISA S PORTER
United States Magistrate Judge

cc:    The Honorable Larry A. Burns

       All parties

09cv1312