# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br><br>M. GAINS, et al.,<br><br>    Defendant. | CASE NO. 09cv1312-LAB (POR)<br><br>**ORDER ADOPTING REPORTS AND RECOMMENDATIONS;**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [DOCKET NUMBERS 66 AND 69]; AND**<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Anthony Johnson, a prisoner in state custody, brought this action pursuant to 42 U.S.C. § 1983. His claims stem from a pepper spraying incident and the use of force by prison officers. On April 8, 2011, Johnson moved for summary judgment. Then on April 14, 2011, he again moved for summary judgment on essentially the same grounds.

The motions were referred to Magistrate Judge Louisa Porter for report and recommendation pursuant to 28 U.S.C. § 636. Judge Porter issued two reports and recommendations, the first on July 15, 2011 addressing the first-filed motion, and the second on February 16, 2012 (collectively, the "R&Rs"). The R&Rs find the summary judgment standard is not met, and recommend denying Johnson's motions. Johnson has filed objections to both R&Rs.

/ / /

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Johnson's objections to the first R&R argue that the R&R overlooked the supposedly undisputed fact that he had been pepper-sprayed and then left for two hours, that the motive for doing this was improperly punitive. The first R&R did not overlook this, however, but rather discussed it at length. The R&R assumed that Johnson could produce evidence showing he was left handcuffed after being pepper sprayed, but pointed out Defendants have also presented evidence that while Johnson's behavior made pepper-spraying him necessary, and that while he was in the shower after being pepper sprayed, he belligerently resisted them, making it impractical or impossible to uncuff him. Defendants also present evidence that they gave him the opportunity to wash the pepper spray off, even though he was still handcuffed.

The first R&R gives the wrong legal standard at one point. In considering Johnson's argument that certain declarations are hearsay and thus inadmissible, the R&R says their allegations are sufficient. (First R&R, 6:26–7:4.) This is incorrect; at the summary judgment stage, Defendants are required to produce admissible evidence, and cannot rely on mere allegations. *See Estate of Tucker* ex rel. *Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008). The Court has, however, reviewed the objected-to declarations and finds they are not hearsay. The declarants in each case state they have personal knowledge of the facts stated in the challenged declarations. (Carpio Decl, ¶ 1; Smith Decl., ¶ 1; Palomera Decl., ¶ 1; Garza Decl, ¶ 1.) The declarations state facts from the point of view of a witness who saw or heard the events described. For instance, Palomera's declaration says he observed Johnson being told to come out of the shower, refusing to do so, and

becoming aggressive and verbally abusive. (Palomera Decl., ¶ 2.) Palomera also says observed Carpio telling Johnson to "cuff up," and Johnson then refusing to do so and lunging at Carpio. (*Id.*, ¶ 3.) Johnson's charge that they don't really have personal knowledge of these facts is insufficient, because the Court does not weigh evidence at this stage. *See Nolan v. Heald College*, 551 F.3d 1148, 1154 (9th Cir. 2009). The first R&R is therefore **MODIFIED** to include this reasoning.

Johnson objects to the second R&R, saying it overlooked undisputed violations of his Fourth Amendment and Eighth Amendment rights. The R&R, however, merely pointed out that Johnson's successive motion for summary judgment raised the same arguments and should be denied for the same reasons as set forth in the earlier R&R. Because the first R&R addresses these alleged violations, the objections have no merit.

The Court therefore **OVERRULES** Johnson's objections to the R&Rs, **MODIFIES** the first R&R as discussed above, and **ADOPTS** them as modified. Johnson's motions for summary judgment (docket nos. 66 and 69) are **DENIED**.

On February 27, 2012, Johnson filed a motion for an injunction requiring that he be transferred to another prison. He argues this is required under Cal. Penal Code § 5068, and that it will solve problems he has been experiencing concerning access to the prison law library. The library issue was apparently addressed by Magistrate Judge Porter's order of February 24. The remaining issues are not before the Court, because the Fourth Amended Complaint doesn't seek any remedy under Cal. Penal Code § 5068, nor does this state statute create any federally-protected interest the Court would have jurisdiction over. *See Haywood v. Ramon*, 2012 WL 43612, slip op. at *4 (E.D.Cal., Jan. 9, 2012) (no federally-protected liberty interest created by Cal. Penal Code § 5068). The motion for injunction (docket no. 208) is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: March 6, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge