1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY WAYNE JOHNSON, JR.,

                                    Plaintiff,

        v.

M. GAINS *et al.*,

                                    Defendants.

Civil No.    09cv1312-LAB (DHB)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO COMPLY WITH SETTLEMENT AGREEMENT**

**[ECF No. 224]**

        On July 6, 2012, Plaintiff filed a Motion to Compel Defendants to Comply with the Settlement Agreement.  (ECF No. 224.)  Plaintiff argues Defendants failed to pay him the full amount the parties agreed to in their settlement agreement.  Plaintiff contends Defendants were supposed to pay him $5,000.00, but he has only received $4,860.25.  Therefore, Plaintiff asks the Court to order Defendants to pay him the $139.75 difference.  He also request $3.00 for postage reimbursement and sanctions of $500.00  For the reasons set forth below, the Court finds Plaintiff's motion must be DENIED.

**I. BACKGROUND**

        On June 8, 2009, Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983.   On March 21, 2012, the parties reached a settlement at the Mandatory Settlement Conference.  (ECF No. 216.)  Thereafter, the parties filed a Joint Motion for Voluntary Dismissal With Prejudice on March 27, 2012.  (ECF No. 218.)  The parties stipulated that the action would "be dismissed with prejudice as to all claims and all Defendants, with each party to bear their own costs"

1    under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  The parties did not ask the Court to retain

2    jurisdiction over the settlement agreement.  On April 2, 2012, the Honorable Larry A. Burns dismissed

3    the case with prejudice.  (ECF No. 219.)  In the Order of Dismissal, the Court did not reserve

4    jurisdiction to enforce the settlement agreement.

5                                                    **II. ANALYSIS**

6         In *Kokkonen v. Guardian Life Ins. Co. of America*. 511 U.S. 375, 381-82 (1994), the Supreme

7    Court held that a district court lacks authority to enforce a settlement agreement following dismissal of

8    an action under Rule 41(a)(1)(A)(ii), unless the court affirmatively retains jurisdiction over the

9    settlement.  A district court can retain jurisdiction by either (1) expressly stating in the order of dismissal

10   that the court shall retain jurisdiction, or (2) incorporating the terms of the settlement agreement into

11   the dismissal order.  *Id.*  "Absent such action, however, enforcement of the settlement agreement is for

12   state courts, unless there is some independent basis for federal jurisdiction."  *Id.* at 382.  *See also*

13   *William Keeton Enterprises, Inc. v. A All American Strip-O-Rama, Inc.*, 74 F.3d 178, 182-83 (9th Cir.

14   1996); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995).

15        Here, the Court's Order of Dismissal does not state that the Court would retain jurisdiction over

16   the settlement agreement.  Therefore, the Court lacks subject matter jurisdiction to enforce the terms of

17   the parties' settlement agreement.  Any further enforcement of the settlement agreement is a matter for

18   state court.  *See Kokkonen*, 511 U.S. at 381 ("The short of the matter is this: The suit involves a claim

19   for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit.  No

20   federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction

21   over the contract dispute.").

22                                                  **III. CONCLUSION**

23        Because the Court does not have jurisdiction to enforce the settlement agreement, Plaintiff's

24   Motion to Compel Defendants to Comply with the Settlement Agreement is **DENIED**.

25        **IT IS SO ORDERED.**

26   DATED:  July 13, 2012

27                                                        DAVID H. BARTICK
                                                          United States Magistrate Judge
28